UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Diamonique Reese,

   **Plaintiff,**

  **v.**          **Civil Action 2:24-cv-3644**
                **Judge Algenon L. Marbley**
                **Magistrate Judge Kimberly A. Jolson**

Spring Bang Enterprises, LLC
d/b/a Woody's Wing House, LLC,

   **Defendant.**

## REPORT & RECOMMENDATION

This matter before the Court is Plaintiff's failure to respond to a show cause order. For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute.

## I.  BACKGROUND

Briefly, Plaintiff Diamonique Reese is an African American woman who was pregnant at the time of the events detailed in her Complaint. (Doc. 1 at ¶¶ 21, 22, 28). She alleges that her employer, Defendant Spring Bang Enterprises, LLC, retaliated against her and terminated her in violation of her rights under the Family Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964, and Ohio law. (*Id.* at ¶¶ 87–158 (alleging unlawful interference with FMLA rights; retaliation in violation of FMLA; race discrimination; pregnancy discrimination; gender discrimination; and wrongful termination in violation of public policy)); *see* 29 U.S.C § 2601, *et seq.*; 28 U.S.C. § 2000e; Ohio Rev. Code § 4112.02; Ohio Rev. Code § 4101.11.

Plaintiff began this case represented by counsel. (*See* Doc. 1). But on December 12, 2024, the Court granted her counsel's Motion to Withdraw. (Docs. 12, 13). In that same order, the Court

granted Plaintiff thirty days in which to secure new counsel.  (Doc. 13).  If counsel had not made an appearance in that time, Plaintiff was ordered to file a notice either updating the Court on her search or informing the Court she intended to proceed without the assistance of counsel.  (*Id.*).  When Plaintiff did not file anything by her deadline, the Court issued a Show Cause Order, which ordered Plaintiff to show cause within fourteen days why the Court should not allow the case to continue as if Plaintiff intended to proceed *pro se*.  (Doc. 14).  The Court also warned Plaintiff that failure to respond to that order may result in the case being dismissed for want of prosecution.  (*Id.*).

When Plaintiff still didn't file a response, the Court ordered Defendant to provide an update on any discovery progress or communications it has had with *pro se* Plaintiff Reese.  (Doc. 15).  Defendant did so and avers that it has not received discovery from Plaintiff that was due on December 6, 2024.  (Doc. 16).  Additionally, Plaintiff failed to attend her deposition scheduled for February 4, 2025.  (*Id.*).  Further, Plaintiff has not communicated with Defendant or Defendant's counsel about the past due discovery or whether she is obtaining new counsel.  (*Id.*).

The parties' discovery and dispositive motions deadlines are upcoming.  (*See* Doc. 11 (setting the discovery deadline as March 14, 2025, and the dispositive motions deadline as April 21, 2025)).  But the Undersigned concludes this case is at an impermissible standstill.

## II.    DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth above support dismissal.  Twice, Plaintiff has failed to comply with this Court's orders.  First, despite being afforded thirty days to do so, Plaintiff failed to provide notice about her search for counsel.  Then the Court gave her another chance.  But again, she failed to follow the Court's order.  This time, she failed to respond to the Court's Show Cause Order.  This demonstrates, to some extent, Plaintiff has "a reckless disregard for the effect of [her] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault.  *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).  Notably, Plaintiff has still not responded to the Court's orders, and the Court has not otherwise heard from her.

Defendant has suffered prejudice due to Plaintiff's actions.  Significant here, Defendant has received no response regarding its discovery requests to Plaintiff since her counsel withdrew

3

back in December of 2024. Plaintiff also failed to attend her own deposition. And Defendant hasn't even heard from Plaintiff about these issues or any other discovery. In short, Defendant has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).

Finally, the third and fourth factors weigh in favor of dismissal. The Court warned Plaintiff that failure to comply with its Show Cause Order may result in the case being dismissed. (Doc. 14). The Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned can only conclude that Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

## III.   CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute.

## <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date:  February 10, 2025                              /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE